IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEXANDRE ZDENEK DAVIS, #36427-510, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 25-cv-01404-JPG ) |
| USA, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Alexandre Zdenek Davis brings this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680, for the alleged misconduct of staff at the Federal Correctional Institution in Greenville, Illinois. When he filed the Complaint on July 21, 2025, Plaintiff failed to prepay the $405.00 filing fee or file a Motion for Leave to Proceed *in forma pauperis* (IFP motion). Because the Complaint was characterized as an "Emergency Filing," the Court reviewed it without delay and dismissed it without prejudice. (Docs. 1, 4). Plaintiff was ordered to file a First Amended Complaint by August 25, 2025. *Id*. The Court also ordered him to prepay the $405.00 filing fee or file his IFP motion by August 25, 2025. (Docs. 3, 4). Plaintiff was warned that the action would be dismissed for failure to comply with the Court's Orders at Docs. 3 and 4. *Id*.

On August 19, 2025, Plaintiff filed an Emergency Amended Complaint (Doc. 6) and an incomplete IFP motion (Doc. 7).[1] The Court considered the emergency request for relief and denied it on August 20, 2025, *see* Doc. 8, while deferring further screening of this matter until

---

[1] This was followed by other confusing filings, including an empty envelope, *see* Docs. 9, 10.

Plaintiff complied with the Court's Orders to either pay the $405.00 filing fee or file a properly completed IFP motion. *Id*. Plaintiff was given an additional thirty days to file his certified trust fund statement in support of the IFP motion. *Id*.

On September 2, 2025, Plaintiff filed another Emergency Motion (Doc. 18) along with a certified trust fund account statement (Doc. 19) showing a trust fund account balance that exceeded $4,500.00 on the date he filed suit. The Court denied Plaintiff's Emergency Motion (Doc. 18) and IFP motion (Doc. 7) on September 4, 2025. (Docs. 20, 21). Plaintiff was ordered to pay the $405.00 filing fee on or before October 3, 2025, if he wished to proceed with this action. (Doc. 20). He was again warned that failure to do so would result in dismissal of the action. *Id*.

Plaintiff filed a series a notices, motions, and letters in which he expressed conflicting intentions, prompting the Court to remind him of the impending fee deadline on October 3, 2025. (Doc. 28). When he missed this deadline, the Court entered a Notice of Impending Dismissal on October 10, 2025. (Doc. 29). The Court warned Plaintiff that the action would be dismissed if the $405.00 filing fee was not received by October 24, 2025. *Id*. Plaintiff requested and received an extension of this deadline to November 3, 2025. (Doc. 31). Instead of making payment, Plaintiff sought recusal of the undersigned judge. (Docs. 32, 33). The Court denied the motion and granted one final extension of the fee payment deadline until December 3, 2025. (Doc. 34). The Court emphasized the following: "**Plaintiff is WARNED that no further extensions of this deadline will be granted, and the case will be dismissed without prejudice if payment is not received by December 3, 2025.**" *Id*. (citing FED. R. CIV. P. 41). Plaintiff then filed a Motion for Payment Plan (Doc. 35) and offered to pay $20.00 per month.

The final fee payment deadline expired on December 3, 2025. At least a week has passed, and the Court has received no payment—in any amount—from Plaintiff. The Court will not allow

2

this matter to linger indefinitely. This action will be dismissed without prejudice for failure to comply with the Court's fee payment orders (Docs. 3, 4, 14, 20, 21, 28, 29, 31, and 34) and/or to prosecute his claims. *See* FED. R. CIV. P. 41(b).

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Payment Plan (Doc. 35) is **DENIED**, and this action is **DISMISSED** without prejudice based on Plaintiff's failure to comply with the Court's Orders at Docs. 3, 4, 14, 20, 21, 28, 29, 31, and 34 to prepay the full $405.00 filing fee and/or for failure to prosecute. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Plaintiff's obligation to pay the $405.00 filing fee for this action was incurred on the date he filed suit, and he remains obligated to pay this fee.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 10, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**